DAVID L. PRINCE, ESQ., #113599
1912 East Vernon Avenue
Suite 100
Los Angeles, California 90058
Tel. 323/234-2989 Fax. 323/234-2619
eMail: dlp@redchamber.com

Attorney for Plaintiff, Golden Bull, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN BULL, LLC<br><br>Plaintiff,<br><br>vs.<br><br>OXFORD GOLD GROUP, INC. and DOES 1 to 10<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION, INJURY TO BUSINESS, INJUNCTIVE RELIEF |

Plaintiff, Golden Bull, LLC. ("Plaintiff") asserts claims against Defendants Oxford Gold Group, Inc. ("Defendant") for trademark infringement under federal and state law, false designation of origin, injury to business reputation and/or trade marks, common law unfair competition, and seeks a permanent injunction, damages, and attorney's fees and costs, and such other relief as the Court deems just and proper.

## PARTIES

1.  Plaintiff is a limited liability company corporation organized under the laws of the State of California and maintains its principal office at 16830 Ventura Blvd., Ste. 326, Encino,

1
Complaint

1  CA 91436.

2  2.     Defendant, is a corporation organized under the laws of the State of California and
3  maintains its principal office at 2108 N Street, Suite C, Sacramento, CA 95816. Defendants
4  sued herein as Does 1 to 10 are currently unknown to the Plaintiff.

5  3.     Plaintiff and Defendant are both authorized to conduct business in the State of
6  California and are both domiciled in the State of California.

7  JURISDICTION AND VENUE

8  4.     The Court has original subject matter jurisdiction over federal Lanham Act claims
9  pursuant to 15 U.S.C. §1125, and 28 U.S.C. §§1331 and 1338. The Court has supplemental
10 jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a) because those claims are so
11 closely related to the federal claims brought herein as to form part of the same case or
12 controversy.

13 5.     The Court has personal jurisdiction over Defendant because Defendant is a corporation
14 domiciled in the State of California.

15 6.     Upon information and belief, venue is proper in this district pursuant to 28
16 U.S.C. §§ 1391(b) -(c) as the Defendant committed acts within the district that give rise to this
17 action.

18 FACTS COMMON TO ALL CLAIMS

19 7.     Plaintiff has used the NOBLE GOLD INVESTMENTS trademark (the "NOBLE GOLD
20 INVESTMENTS trademark") since approximately June 2016.

21 8.     Plaintiff is the lawful owner of US Registration Number 6,855,154, registered
22 September 27, 2022, for the NOBEL GOLD INVESTMENTS trademark for: on-line retail store
23 services featuring precious metals and coins made of precious metals, excluding jewelry; Retail
24 on-line ordering services featuring precious metals and coins made of precious metals,
25 excluding jewelry also accessible by telephone, facsimile and mail order; Online retail services
26 through direct solicitation by salespersons directed to end-users featuring precious metals and

27
28

2
Complaint

1. coins made of precious metals, excluding jewelry in Class 35. A true and correct copy of Plaintiff's registration with the United States Patent and Trademark Office for NOBEL GOLD INVESTMENTS is attached hereto as Exhibit "1" and incorporated hereinafter by this reference.

9. For over 7 years, Plaintiff has developed a number of proprietary products and services and has continuously maintained exclusive rights over the NOBLE GOLD INVESTMENTS trademark. Plaintiff currently operates in almost every state and continuously carries on a national marketing campaign.

10. Plaintiff has invested tremendous resources in promoting goods and services associated with the NOBLE GOLD INVESTMENTS trademark throughout the United States.

11. The NOBLE GOLD INVESTMENTS trademark is highly distinctive.

12. The NOBLE GOLD INVESTMENTS trademark and the goodwill associated with it have become valuable assets of Plaintiff.

13. In addition to trademark registrations, Plaintiff operates within various domain names which includes www.learnaboutgold.org. Defendant, with the intent to trade on the goodwill and distinctive nature of the NOBLE GOLD INVESTMENTS trademark adopted the domain name www.learnaboutgold.com and displayed thereon, without consent or authority, the NOBLE GOLD INVESTMENTS trademark. A true and correct copy of Defendant's use of the NOBLE GOLD INVESTS mark through its advertisement of the www.learnaboutgold.org website and proof of origination is attached hereto as Exhibit "2" and incorporated hereinafter by this reference.

14. Defendant has infringed upon and has used the NOBLE GOLD INVESTMENTS trademark without express authorization from Plaintiff. Upon information and belief, as of the date of the filing of this complaint, Defendant still infringes upon and uses the NOBLE GOLD INVESTMENTS trademark without express authorization as Defendant uses the NOBLE GOLD INVESTMENTS trademark directly within the www.learnaboutgold.com.

15. Upon information and belief, Defendant has used the NOBLE GOLD INVESTMENTS trademark in connection with products and services in a manner that creates a likelihood of confusion. Further, upon information and belief, Defendant does business within California where Plaintiff also does business. Upon information and belief, there is a high likelihood that the continued use and promotion by each Defendant of the NOBLE GOLD INVESTMENTS trademark will cause additional confusion in the marketplace as to the source of the goods and services sold by Plaintiff and each Defendant. The overlap in services and customers and the confusingly similar names and marks is likely to cause confusion.

## CLAIM ONE

## INFRINGEMENT OF FEDERALLY-REGISTERED TRADEMARK

16. As described in this Complaint, Defendant has infringed upon Plaintiff NOBLE GOLD INVESTMENTS trademark in interstate commerce by various acts, including, without limitation, the use of the NOBLE GOLD INVESTMENTS trademark for the sale and advertisement of precious metals and services in connection with the www.learnaboutgold.com domain name where the Defendant openly displays the NOBLE GOLD INVESTMENTS trademark.

17. Defendant's adoption and use of the NOBLE GOLD INVESTMENTS trademark is without permission or authority from Plaintiff and has caused and is likely to cause confusion, mistake and/or intended to deceive those in the relevant market.

18. Defendant has adopted and used the NOBLE GOLD INVESTMENTS trademark infringing marks in connection with the sale and advertisements of precioius metals and services with both actual and constructive notice of the Plaintiffs registration under 15 U.S.C.§ 1072.

19. By engaging in the complained of conduct, Defendant used in commerce, without the consent of Plaintiff, a reproduction, counterfeit, copy or colorable imitation of NOBLE GOLD INVESTMENTS trademark on its website and other tangible items intended to be used in commerce or reach consumers in violation of 15 U.S.C. § 1114.

4
Complaint

20. Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

## CLAIM TWO

## INFRINGEMENT OF COMMON LAW RIGHTS

## IN TRADEMARKS AND TRADE NAME

21. As described in this Complaint, Defendant has infringed upon Plaintiff's common law rights to its trademark and trade name. Plaintiff is the senior user of the NOBLE GOLD INVESTMENTS trademark. A likelihood of confusion exists between Plaintiff's mark and Defendant's use of the same.

22. Defendant's infringement of Plaintiffs common law trademark and trade name has caused damages to Plaintiff entitling Plaintiff to an award of damages, including an award of punitive damages stemming from Defendant's intentional wrongful conduct.

23. Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

## CLAIM THREE

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)

24. As described in this Complaint, Defendant's adoption and use of the NOBLE GOLD INVESTMENTS trademark and domain name constitute a false designation of origin and/or a false and misleading description of its services and is likely to cause confusion, cause mistake and/or to deceive as to the affiliation, connection or association of Plaintiff or as to the origin, sponsorship or approval of the services of Plaintiff in violation of 15 U.S.C. §1125(a).

25. Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

## CLAIM FOUR

## INJURY TO BUSINESS REPUTATION OR TRADE MARKS

26. As described in this Complaint, Defendant has injured the business reputation of Plaintiff and diluted the distinctive quality of Plaintiff's common law trade marks.

27. The actions of the Defendant constitute an injury to the business reputation of Plaintiff and dilution of Plaintiff's proprietary trade marks in violation of California law.

## CLAIM FIVE

## COMMON LAW UNFAIR COMPETITION

28. The above actions of the Defendant are a form of unfair competition that is prohibited under the common law of the State of California. Plaintiff has been damaged by this misconduct in an amount to be determined at trial, including the imposition of punitive damages due to the intentional conduct by the Defendant knowing its conduct was wrongful and would cause actual damages to the Plaintiff.

## CLAIM SIX

## PASSING OFF

29. Defendant has used the NOBLE GOLD INVESTMENTS trademark in conjunction with its domain name www.learnmoreaboutgold.com.

30. Defendant has actual and constructive knowledge that when it used the NOBLE GOLD INVESTMENTS trademark that it belong exclusively to the Plaintiff.

31. Defendant falsely and intentionally passed off the NOBLE GOLD INVESTMENTS trademark as its own with the intent to deceive and confuse consumers.

32. Plaintiff has been harmed by such wrongful acts committed by the Defendant.

## CLAIM SEVEN

## INJUNCTIVE RELIEF

33. Plaintiff seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116 and California state law.

34. Plaintiff has no adequate remedy at law or otherwise for the harm or damage done by the Defendant because Plaintiff's business will be irreparably damaged, and such damage is difficult if not impossible to quantify. Plaintiff will suffer irreparable harm, damage, and injury unless the acts and conduct of the Defendant complained of above are enjoined because each Defendant's continued conduct is likely to cause confusion among customers and vendors that will result in a loss of customers, reputation, goodwill, revenue, and profits, diminished marketing and advertising, and trademark dilution.

## JURY DEMAND

35. Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff prays that after due proceedings, the Court:

1. enter judgment against Defendant on all claims;

2. award of actual damages against Defendant and in favor of Plaintiff;

3. disgorgement of Defendant's profit from use of the NOBLE GOLD INVESTMENTS trademark;

4. enter a permanent injunction restraining Defendant, together with its officers, employees, agents, successors and assigns or others acting in concert with them, from using the infringing trademarks and domain names in connection with its business;

5. award of punitive damages arising out the Plaintiff's common law claims;

6. award of reasonable attorney's fees; and

7. grant to Plaintiff such other relief as the Court deems just and proper.

Dec. 8, 2023

DAVID L. PRINCE, ESQ. #113599
1912 East Vernon Ave., Ste. 100
Los Angeles, CA 90058
Attorney for Plaintiff,
Golden Bull, LLC

7
Complaint

**EXHIBIT "1"**

Digitally Signed By: United States Patent and Trademark Office
Location: United States Patent and Trademark Office
Date: 2022.09.12 10:35:18 -04'00'

# United States of America
## United States Patent and Trademark Office

# Noble Gold Investments

**Reg. No. 6,855,154**
**Registered Sep. 27, 2022**
**Int. Cl.: 35**
**Service Mark**
**Principal Register**

Golden Bull, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
1 South Fair Oaks, Suite 207
Pasadena, CALIFORNIA 91105

CLASS 35: On-line retail store services featuring precious metals and coins made of precious metals, excluding jewelry; Retail on-line ordering services featuring precious metals and coins made of precious metals, excluding jewelry also accessible by telephone, facsimile and mail order; Online retail services through direct solicitation by salespersons directed to end-users featuring precious metals and coins made of precious metals, excluding jewelry

FIRST USE 6-00-2016; IN COMMERCE 6-00-2016

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "GOLD INVESTMENTS"

SEC.2(F)

SER. NO. 90-495,730, FILED 01-28-2021



*Katherine Kelly Vidal*
Director of the United States
Patent and Trademark Office



---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# EXHIBIT "2"

noble gold investments

News | Login | Reviews | Images | Complaints | Shopping | Reddit | Phone

About 11,600,000 results (0.60 seconds)

**Sponsored**

Learn About Gold
https://www.learnaboutgold.com

# Noble Gold Investments — Is a Gold IRA Right for You?

Inflation is rising, and there is no better time to secure your retirement with a **Gold** IRA. Looking to open a **Gold** IRA, but don't know where to start? We'll help you avoid mistakes.

## Learn about Gold IRAs

Hedge against inflation with Gold. Learn how to open a Gold IRA today.

## Take the Quiz

Answer a few easy questions Find the best Gold IRA companies.





noble gold investments

News | Login | Reviews | Images | Complaints | Perspectives | Shopping | Reddit | Pro

About 6,820,000 results (0.53 seconds)

**Sponsored**

 American Hartford Gold
https://offers.americanhartfordgold.com

### Official Website - Leading Gold Group

Uncover the distinctions between Gold and Silver and master the art of investing in both. Get the best deal with our price match guarantee; we meet or beat any competitor's price.

**Gold & Silver Investing**
Get Your Free Gold and Silver Investment Guide Today!

**Free Investors Guide**
Download this 100% Free Guide & See How You Can Secure Your Retirement.

**Gold & Silver News**
Always Stay Current on Gold and Silver Market Updates.

**Sponsored**

 Noble Gold Investments
https://www.noblegoldinvestments.com

### Noble Gold Official Site - Noble Gold Investments™

Prepare for what's to come and protect your retirement with gold and other precious metals.

**Sponsored**

 learnaboutgold.com
https://www.learnaboutgold.com › gold › ira

### Noble Gold Investments - Need Help with a Gold IRA?

Inflation is rising, and there is no better time to secure your retirement with a Gold IRA. Take...

