1  DAVID L. PRINCE, ESQ.,#113599
   1912 East Vernon Avenue
2  Suite 100
   Los Angeles, California 90058
3  Tel. 323/234-2989 Fax. 323/234-2619

4

5  Attorney for Plaintiff, **GOLDEN BULL, LLC**

6

7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  GOLDEN BULL, LLC, | ) CASE NO.: 2:23-CV-10329-PA-DFM |
| 12             Plaintiff, | ) PERMANENT INJUNCTION |
| 13  vs. | ) PURSUANT TO STIPULATION |
| 14  OXFORD GOLD GROUP, INC., and DOES 1 to 10, inclusive, | ) |
| 15             Defendants. | ) |
| 16 | ) |
| 17 | |

18            **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

19            **PLEASE TAKE NOTICE THAT**, in accordance with the Stipulation

20  of Entry of Judgment for Permanent Injunction filed herewith by Plaintiff

21  Golden Bull, LLC ("Plaintiff") and Defendant Oxford Gold Group, Inc.

22  ("Defendant"), through their respective counsel of record in this action,

23            The Court hereby finds that:

24            1.  On December 8, 2023, Plaintiff filed the Complaint in this action,

25  alleging causes of action for trademark infringement, false designation, injury

26  to business, injunctive relief.

27

                                    1
28  PERMANENT INJUNCTION PURSUANT TO STIPULATION

2. Plaintiff asserted these claims for trademark infringement arises out Defendant's use of Plaintiff's registered trademark NOBLE GOLD INVESTMENTS, US Registration Number 6,855,154 ("Trademark").

3. On January 31, 2024, Defendant filed an Answer. In its Answer, Defendant asserted various affirmative defenses.

4. Plaintiff and Defendant, without either side having admitted or conceded liability as to any claim have entered into a settlement agreement and have stipulated to the entry by the Court of this Judgment for Permanent Injunction in this action on the terms set forth below (the "Permanent Injunction Judgment").

**NOW, THEREFORE, THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES THAT**:

A. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendant, together with their affiliated businesses, officers, directors, principals, board members, partners, agents, servants, employees, representatives, successors, assigns, licensees, all entities through which they conduct business, and all those acting in concert or privity with each or any of them, or at their direction, or within their control, SHALL BE PERMANENTLY ENJOINED AND RESTRAINED from directly or indirectly infringing in any manner the Trademark or diluting the Trademark, or unfairly competing with Plaintiff, or otherwise injuring Plaintiff's business or reputation in any manner, or participating in or assisting in any such activity, including without limitation by engaging in any of the following:

1. Use in commerce the Trademark including any variation of it, or is confusingly similar to the Trademark, or participating in assisting any such

activity whether occurring within the United States or outside the United States.

    2. Registering, attempting to register, or maintaining any trademark registration application for any trademark, service mark, trade name, business name, domain name or trade dress that includes or is confusingly similar to the Trademark or variation thereof, or participating in or assisting in any such activity whether occurring within the United States or outside the United States.

    B. The parties have consented to, and the Court shall retain, continuing jurisdiction for purposes of enforcement of the Permanent Injunction Judgment. Violation of the Permanent Injunction Judgment shall expose Defendant and all other persons bound by the Order to all applicable penalties, including contempt of Court.

    C. The parties shall bear their own attorney's fees and costs.

Dated: August 26, 2024

**PERCY ANDERSON**
**United States District Judge**

---

3
PERMANENT INJUNCTION PURSUANT TO STIPULATION